# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# SHERMAN DIVISION

| | | |
|---|---|---|
| **VICTOR HUGO SALDAÑO,** | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. 4:08cv193 |
| **NATHANIEL QUARTERMAN,** **Director, Texas Department of Criminal Justice, Correctional Institutions Division,** | § § § § | |
| Respondent. | § | |

## ORDER

This matter comes before the court on a petition by the Office of the Consulate General of the Republic of Argentina on behalf of Victor Hugo Saldaño ("Saldaño"), requesting that the court appoint Neil Kelly and Kenneth Williams to represent Saldaño on his application for a writ of *habeas corpus*. The court, having considered the circumstances alleged in the petition, finds that it is not well-taken and it will be denied.

Saldaño is an Argentine national who was convicted in Texas state court of capital murder and sentenced to death. On May 30, 2008, he requested that this court appoint counsel to represent him in his federal *habeas corpus* proceedings. On June 2, 2008, the court appointed Don Bailey to represent him. On June 6, 2008, he requested, through the office of the Consulate General of the Republic of Argentina, that the court appoint different counsel.

It is well-settled that indigent defendants are not entitled to counsel of their choice. *See U.S. v. Fields,* 483 F.3d 313, 350 (5th Cir. 2007) *cert denied*, ___ U.S. ___, 128 S.Ct. 1065 (2008). In determining whom to appoint, the policy in this District is to take into account the inmate's preference, along with requested counsel's familiarity with the case and their experience in capital litigation. The court also considers whether experienced and competent local counsel is available, noting that historically, out of district and out of state counsel have been more likely to request fee awards exceeding the $35,000 presumptive limit set by the United States Court of Appeals for the Fifth Circuit in Title 28 U.S.C. § 2254 cases.

In the present case, Kelly, one of the attorneys Saldaño prefers, is from Houston, which is outside of the Eastern District of Texas, and Williams, the other attorney, is from Los Angeles, which is outside of the state. The petition contains no information about either attorney's experience in general, and no information about either attorney's familiarity with this case in particular.[1] Considering all of the relevant factors, the court finds that the petition contains insufficient grounds for it to reconsider its decision to appoint Don Bailey, an experienced and competent local attorney who has handled death penalty habeas cases, to represent Saldaño.

IT IS THEREFORE ORDERED that the June 6, 2008 petition from the Consulate General of the Republic of Argentina, which the court construes as a *pro se* motion by Saldaño to reconsider its June 2, 2008 order appointing counsel [de #5], is DENIED.

**SIGNED this the 18th day of June, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[1] In his original motion for appointment of counsel, Saldaño stated that Williams did have previous experience in capital *habeas corpus* litigation.

2